## Commonwealth v. One Ford Automobile.

*Automobiles—Unlawful transportation of liquor—Determination of title to car—Use "without consent" of owner—Act of March 27, 1923.*

1. The effect of the Act of March 27, 1923, P. L. 34, is to create, as soon as the Commonwealth has shown the unlawful use of a car, a presumption that such use was with the knowledge and consent of the owner, and to place upon him the burden of rebutting this presumption by making proof (in addition to showing ownership and lawful acquisition, use and possession by him) that the unlawful use was "without his knowledge and consent."

2. "Without consent" does not mean merely that specific consent to the particular act has not been given. A voluntary transfer of the use and control of a car to another without restriction as to its exercise and without limiting the purposes for which it may be used renders the owner responsible under the statute for improper use by the bailee, and this cannot be escaped by a mere averment of lack of knowledge and consent as to the particular transaction.

3. A, the wife of B, purchased a car in her own name, but paying for it with money received from her husband. Whether the money was actually earned by A and left with B for safekeeping, or was B's money, was disputed. A caused the car to be licensed in the name of her husband, B, who drove the car. B transported liquor in the car and it was confiscated. A sought to recover the car by alleging her ownership, that she never knowingly allowed or permitted it to be used for transporting liquor, and actually did not know that it was so used: *Held,* that, having given B·unrestricted control of the car with authority to use it for any purpose, she could not say that the car was used without her consent, and her petition for restitution was denied.

Petition for restitution of car seized while transporting liquor. Q. S. Washington Co., Nov. Sess., 1923, No. 22 F.

*Howard W. Hughes,* District Attorney, for Commonwealth.

*D. M. Cummins,* for defendant.

BROWNSON, P. J.—The court finds from the evidence that the automobile described in the petition of the district attorney, which was seized while in the possession of Alex. Rozum, was on Oct. 10, 1923, while in the possession of said Alex. Rozum, used by him within the County of Washington, Pennsylvania, in and for the unlawful transportation of intoxicating liquor (ten gallons of "moonshine"), in violation of the provisions of the Act of March 27, 1923, P. L. 34.

Accordingly, the Commonwealth is entitled to a decree of forfeiture and condemnation, unless the claim advanced by Mary Rozum, which is below discussed, should be adjudged to be good.

Mary Rozum, wife of the said Alex. Rozum, sets up that at the time of the seizure thereof the title to said car was in her; that she had no knowledge that her husband was then operating the car and transporting liquor therein, and that she never knowingly allowed or permitted him to transport or carry at any time any liquor therein. She, therefore, prays that the car be not adjudged to be forfeited, but shall be returned to her.

As this court has said in another case, the effect of the statute is to create, as soon as the Commonwealth has shown the unlawful use of a car, a presumption that such use was with the knowledge and consent of the claimant, and to place upon the claimant the burden of rebutting this presumption by making proof (in addition to showing ownership and lawful acquisition, use and possession by him) that the unlawful use by another person was "without his knowledge or consent." (Clause v of sub-division *D* of section 11). The question now for determination is whether her proofs are sufficient to call for a decree in her favor.

Commonwealth v. One Ford Automobile.

The claimant has shown that on March 12, 1923, she purchased this car, by a written order signed by her in her own name, from Pascoe Brothers, dealers. This order was given to a salesman in her husband's presence. At the time of giving the order she paid to the salesman $100 in cash, which money was handed to her by her husband. The remainder of the price was paid direct to Pascoe Brothers within a week or two. The only person who testifies as to how and by whom the latter payment was made is herself. She says that she paid it out of a bank deposit which she had. No bank book or other testimony to show the existence of such a deposit was produced. She says that she was keeping boarders, to the number of about nine; that when the boarders would pay her she would give the money for safekeeping to her husband, who thus always had between $100 and $200 in his pocket, and from time to time accumulations of the money would be banked. Her husband testifies, in general terms, that the money which paid for the car belonged to the claimant and was earned by her by keeping boarders and by some work. The claimant made an oral statement in the district attorney's office, shortly after the seizure, to the effect, as understood by credible witnesses, that this money was given to her by her husband and belonged to him. After she received the Ford car, she caused the State license therefor to be issued in the name of her husband as owner. She testifies, however, that she never allowed her husband to drive the car except when she was with him, and C. P. Altmeyer testified that on two or three occasions, between March and the date of the seizure, he saw the husband driving the car, but the claimant was in it each of these times. On the day when her husband was employed, by a man whose name he professes to be unable to give, to transport this liquor from Allegheny County to Burgettstown, and engaged in such transportation, the claimant was away from home.

The effect of all the evidence appears to us to be to create some doubt as to whether, although the car unquestionably was purchased in the claimant's name, Alex. Rozum was not the real purchaser. If, however, making allowance for the possibility that, as English is not her native tongue, what she stated in the district attorney's office may not have been perfectly apprehended, we assume that it in fact was her money which paid for the car, then the fact that, after obtaining it, she caused the car to be licensed and registered at Harrisburg in the name of her husband as owner, is prima facie evidence of a gift to him or at least of the giving to him of possession and of unrestricted authority to make any use thereof that he might desire. I do not believe the testimony by which it is sought to be shown that she withheld control of the car from her husband, and never allowed him to take it out except under her own watchful eye. From the weight of the evidence I find that (assuming that she paid for it herself) the claimant, when she caused the car to be licensed in the name of her husband as owner, did one or other of two things: either she was then giving it to him and making him the owner, or she was clothing him with ostensible ownership and with the possession and unrestricted control of it, and giving him a general authority to use it for any purpose he might see fit. If the former, there can be no question that the car is forfeited by his unlawful use thereof. If the latter, she is not in a position to say that the car was used without her consent. To hold that "without consent" means merely that specific consent to the particular act has not been given, would be to open the door to evasions of the statute. Ownership includes the legal power to control the use of property, and if the owner of a car voluntarily transfers such control to another, without any restriction upon its exercise, and without in any way limiting the purposes

Commonwealth v. One Ford Automobile.

for which the property may be used, he should be held to have thus given such general consent to use it as will prevent him from escaping, by a mere assertion of want of knowledge of the particular transaction, the consequences which this enactment attaches to its misuse.

I think that the illegal use made of this car by Alex. Rozum, who, if not then its real owner, was at least the ostensible owner, with possession and unrestricted power to use it conferred upon him by this claimant, should be held to have the effect of working a forfeiture.

*Decree.*

And now, Aug. 18, 1924, upon the findings and conclusions set forth in the opinion herewith filed, it is adjudged and decreed that the Ford automobile, mentioned in the petition for condemnation presented by the district attorney, bearing the motor number 7457653, and having the Pennsylvania license number 764503 (year 1923), has, by reason of having been used in and for the unlawful transportation of intoxicating liquor within the County of Washington, in said State, been forfeited to the Commonwealth, and the same is, therefore, hereby condemned, and it is ordered that the sheriff of said county shall make public sale thereof in the manner provided by section 11 of the act of assembly approved March 27, 1923, P. L. 34, after giving notice of such sale as provided by said section, and that the proceeds of such sale shall be disposed of and distributed as provided in said act.

From E. E. Crumrine, Washington, Pa.